THE HONORABLE JAMAL N. WHITEHEAD

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| MAX ROCKMAN & RANDALL MORING,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Case No. 2:26-cv-01876-JNW<br><br>**DEFENDANT MICROSOFT CORPORATION'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>NOTE ON MOTION CALENDAR: October 23, 2026 |



**Ashurst Perkins Coie US LLP**
1301 Second Avenue Suite 4200
Seattle, WA 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**TABLE OF CONTENTS**


Page

INTRODUCTION ....................1

BACKGROUND ....................1

LEGAL STANDARD ....................3

ARGUMENT ....................4

A. Microsoft's Pending Motion Is Dispositive. .................... 5

B. No Additional Discovery Is Necessary to Resolve the Motion to Dismiss. .................... 5

C. A Stay of Discovery Will Not Harm Plaintiffs. .................... 6

D. Proceeding With Discovery Now Would Impose Unnecessary Burden And Expense. ..... 7

E. A Stay Would Favor the Interests of Justice by Simplifying Key Issues. .................... 8

CONCLUSION ....................8




**Ashurst Perkins Coie US LLP**
1301 Second Avenue Suite 4200
Seattle, WA 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ahern Rentals, Inc. v. Mendenhall*,
2020 WL 8678084 (W.D. Wash. July 9, 2020) ....5

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ....3, 7

*Borden v. eFinancial, LLC*,
2020 WL 7324815 (W.D. Wash. Oct. 16, 2020) ....7

*Davis v. Speer*,
2010 WL 4568047 (W.D. Wash. Nov. 3, 2010) ....5, 8

*Elliot v. Valve Corporation*,
No. 2:24-cv-01218, (W.D. Wash. Aug. 9, 2024) ....2, 6

*Harris v. State of Washington Dept. of Social and Health Services*,
2013 WL 3936803 (W.D. Wash. July 13, 2013) ....7

*Herbert v. Lando*,
441 U.S. 153 (1979) ....3

*Illinois Brick Co. v. Illinois*,
431 U.S. 720 (1977) ....2, 5, 6

*Jarvis v. Regan*,
833 F.2d 149 (9th Cir. 1987) ....4

*Little v. City of Seattle*,
863 F.2d 681 (9th Cir. 1988) ....3, 4

*Nguyen v. BMW of North America, LLC*,
2021 WL 2284113 (S.D. Cal. June 4, 2021) ....6

*Orkin v. Taylor*,
487 F.3d 734 (9th Cir. 2007) ....6

*Rae v. Union Bank*,
725 F.2d 478 (9th Cir. 1984) ....5

*Rutman Wine Co. v. E. & J. Gallo Winery*,
829 F.2d 729 (9th Cir. 1987) ....3, 6, 7

*Shimota v. Activision Blizzard, Inc.*,
No. 26-CIV-06739 (Cal. Super. Ct. Aug. 27, 2026) ....2



**Ashurst Perkins Coie US LLP**
1301 Second Avenue Suite 4200
Seattle, WA 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

*Subspace Omega, LLC v. Amazon Web Servs., Inc.*,
2024 WL 4451404 (W.D. Wash. Oct. 9, 2024) ....................................................................4

*Towner v. A Place for Rover Inc.*,
2026 WL 496744 (W.D. Wash. Feb. 23, 2026)...............................................................5, 8

*Zeiger v. Hotel California by the Sea LLC*,
2022 WL 1499670 (W.D. Wash. May 12, 2022).............................................................6, 8



**Ashurst Perkins Coie US LLP**
1301 Second Avenue Suite 4200
Seattle, WA 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## INTRODUCTION

On September 15, 2026, Plaintiffs Max Rockman and Randall Moring ("Plaintiffs") served discovery requests on Microsoft Corporation ("Microsoft"). Because Microsoft's pending Motion to Dismiss could dispose of the entire case, those requests are premature. Microsoft therefore respectfully moves for a stay of discovery to spare the parties and the Court the unnecessary burden and expense of discovery on claims that may soon be dismissed. All five factors this Court considers weigh in favor of a stay.

***First***, if granted, Microsoft's pending Motion to Dismiss would dispose of the entire litigation. Microsoft has moved to dismiss Plaintiffs' Complaint on three independent grounds, any of which could resolve the case in its entirety.

***Second***, the Court can resolve Microsoft's pending Motion to Dismiss without discovery, since each ground for dismissal is clear from the face of the Complaint.

***Third***, a stay will not harm Plaintiffs, who cannot identify any urgency or undue delay given that they are challenging a fifteen-year-old agreement and waited years after the relevant facts became public to bring suit.

***Fourth***, proceeding with the broad discovery Plaintiffs have sought would impose unnecessary expense and burden on the parties.

***Fifth***, a stay would serve the interests of justice by allowing the Court to resolve case-dispositive legal issues before the parties expend these unnecessary resources—and before the Court decides potentially unnecessary discovery issues.

## BACKGROUND

This case arises from a garden-variety vertical supply agreement governing the distribution of Microsoft's PC games on Valve's Steam gaming platform. Microsoft, as a game developer and publisher, and Valve, as a distributor of PC games through Steam, entered into this agreement (the "Steam Distribution Agreement") fifteen years ago.



**Ashurst Perkins Coie US LLP**
1301 Second Avenue Suite 4200
Seattle, WA 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

On May 31, 2026, Plaintiffs filed a putative class action complaint alleging that the Steam Distribution Agreement violates the Sherman Act, Clayton Act, and the Washington Consumer Protection Act. *See* Compl., ECF No. 1, at ¶¶103, 124-25. Notably, Plaintiffs' counsel has pursued separate litigation before this Court against Valve—not Microsoft—claiming that Valve used its dominant market position to coerce game publishers like Microsoft into agreements like the one at issue here. *See* Compl., *Elliot v. Valve Corporation*, No. 2:24-cv-01218, ECF No. 1 ¶¶ 87-94, 131-32 (W.D. Wash. Aug. 9, 2024).[1]

On August 10, 2026, Microsoft moved to dismiss Plaintiffs' Complaint. *See* Mem. Supp. Def.'s Mot. Dismiss Pls.' Compl., ECF No. 19 at 30 (W. D. Wash. Aug. 10, 2026). As explained in Microsoft's motion, Plaintiffs' claims fail for three independent reasons. *Id*. at 7-8. First, Plaintiffs' claims are time-barred on the face of the Complaint: the Steam Distribution Agreement was signed in 2011, the four-year statute of limitations expired in 2015, and no tolling doctrine applies on the facts alleged. Second, Plaintiffs failed to plead facts showing they have antitrust standing under *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977). Third, Plaintiffs failed to plead a viable antitrust claim because the Steam Distribution Agreement is a vertical distribution agreement subject to the rule of reason, and Plaintiffs' conclusory allegations do not plausibly allege substantial harm to competition. Therefore, Plaintiffs' Complaint does not set forth a plausible claim for relief and should not proceed past the Rule 12(b)(6) stage.

The parties held a Rule 26(f) conference on August 21, 2026, and the parties exchanged initial disclosures on September 4, 2026. On September 15, 2026, Plaintiffs served several Requests for Production and Interrogatories on Microsoft. *See* Ex. A, Plaintiffs' Initial Requests to Produce to Microsoft Corporation; Ex. B, Plaintiffs' Initial Interrogatories to Microsoft Corporation. Plaintiffs requested that Microsoft produce (1) all "documents and data [it] produced in *In re Valve Antitrust Litigation*, 2:21-cv-00563"; and (2) all "documents and data produced to

---

[1] Plaintiffs' counsel has also recently sued Valve and ten game publisher victims of Valve's alleged conduct in state court in California. *See* Class Action Complaint, *Shimota v. Activision Blizzard, Inc.*, No. 26-CIV-06739 (Cal. Super. Ct. Aug. 27, 2026).



**Ashurst Perkins Coie US LLP**
1301 Second Avenue Suite 4200
Seattle, WA 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

or received from the Federal Trade Commission or any analogous state or foreign governmental agencies with jurisdiction over antitrust enforcement." Ex. A ¶¶ 1-2. Notably, Plaintiffs' second request contains no limitations at all, ostensibly applying to any interaction Microsoft has had with any antitrust regulator anywhere in the world at any point in time on any subject. Plaintiffs' interrogatories requested detailed data about Microsoft's revenue from selling PC games and any consumer arbitrations filed against Microsoft, as well as irrelevant data about "Microsoft employees who have been on any of [Valve co-founder] Gabe Newell's yachts and/or private jets." Ex. B ¶¶ 1-3.[2] None of the discovery Plaintiffs seek is necessary to resolve Microsoft's Motion to Dismiss and has dubious relevance to this case generally.[3]

## LEGAL STANDARD

Federal courts have broad discretion to control discovery with the goal of ensuring "efficiency for the court and litigants." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *see* Fed. R. Civ. P. 1, 26(c); *Herbert v. Lando*, 441 U.S. 153, 177 (1979). This discretion is particularly important in antitrust cases, where the Supreme Court has instructed courts to engage in "careful case management" and to "tak[e] care" to ensure that allegations are plausible to "avoid the potentially enormous expense of discovery in cases with no reasonably founded hope that the discovery process will reveal relevant evidence to support a [Sherman Act] § 1 claim." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 559 (2007) (cleaned up). The Ninth Circuit has similarly recognized that, in antitrust cases, "[i]t is sound[] practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

---

[2] Plaintiffs also served a similarly overbroad discovery request on non-party Valve Corporation, requesting all "documents received and produced in *In re Valve Antitrust Litigation*, 2:21-cv-00563." *See* Ex. C, Plaintiffs' Subpoena Issued to Valve Corporation.

[3] The parties met and conferred in an attempt to resolve this issue without the Court's involvement, and Plaintiffs made a proposal that would have still allowed discovery to continue while Microsoft's motion to dismiss is pending. That proposal would not address any of the concerns raised in this Motion that counsel in favor of a full stay of discovery.



**Ashurst Perkins Coie US LLP**
1301 Second Avenue Suite 4200
Seattle, WA 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Courts may use their discretion to stay discovery pending a motion to dismiss upon a finding of good cause. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (affirming the stay of discovery because it "furthers the goal of efficiency for the court and litigants"); *see Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (affirming the stay of discovery pending a motion to dismiss because "[d]iscovery is only appropriate where there are factual issues raised by a Rule 12(b) motion"); *see also* Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]").

In considering whether good cause exists to stay discovery, courts typically consider five factors: "(1) whether the pending motion could dispose of the entire case; (2) whether the motion could be decided without additional discovery; (3) the possible damage which may result from the granting of a stay; (4) the hardship or inequity which a party may suffer in being required to go forward; and (5) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Subspace Omega, LLC v. Amazon Web Servs., Inc.*, No. 2:23-CV-01772-TL, 2024 WL 4451404, at *1 (W.D. Wash. Oct. 9, 2024) (cleaned up) (citing *Lockyer v. Mirant Corp*, 398 F.3d 1098, 1110 (9th Cir. 2005)).

## ARGUMENT

### I. This Court Should Stay Discovery.

All five factors this Court will consider weigh heavily in favor of a stay of discovery. Microsoft's Motion to Dismiss would dispose of the entire case and can be resolved without additional discovery, a stay would have no impact on Plaintiffs, and staying discovery would avoid



**Ashurst Perkins Coie US LLP**
1301 Second Avenue Suite 4200
Seattle, WA 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

subjecting Microsoft and nonparties to Plaintiffs' unduly broad discovery while preserving judicial resources and furthering the interests of justice.

**A. Microsoft's Pending Motion Is Dispositive.**

Microsoft's pending Motion to Dismiss could moot this case, which supports granting a stay of discovery. *See Towner v. A Place for Rover Inc.*, No. 2:25-CV-00553-JNW, 2026 WL 496744, at *1 (W.D. Wash. Feb. 23, 2026) (Whitehead, J.) (staying discovery when the outcome of defendant's motion to dismiss "may very well result in the disposal of the entire case"); *see also Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) (affirming stay of discovery pending a motion to dismiss); *Ahern Rentals, Inc. v. Mendenhall*, NO. C20-0542-JCC, 2020 WL 8678084, at *2 (W.D. Wash. July 9, 2020) ("Defendants' pending motions to dismiss alone warrant a stay of discovery in this case."); *Davis v. Speer*, No. C10-5185 RJB/KLS, 2010 WL 4568047, at *1 (W.D. Wash. Nov. 3, 2010) (staying discovery pending motion to dismiss). Plaintiffs have not alleged facts sufficient to plead a plausible claim for relief because their claims are time barred, they lack standing under *Illinois Brick*, and they have failed to allege anticompetitive conduct. Mem. Supp. Def.'s Mot. Dismiss Pls.' Compl., ECF No. 19 at 7-8 (W.D. Wash. Aug. 10, 2026).

Further, fact discovery would be particularly futile here. Plaintiffs' conclusory allegations of anticompetitive agreement and injury to competition are contradicted by the agreement at the center of Plaintiffs' allegations, which Microsoft has voluntarily provided to Plaintiffs and the Court. *Id.* Since resolution of Microsoft's Motion to Dismiss will likely end this action, there is no need to engage in costly and burdensome discovery now.

**B. No Additional Discovery Is Necessary to Resolve the Motion to Dismiss.**

A stay is also warranted because each of Microsoft's three grounds for dismissal can be decided on the pleadings and the incorporated text of the Steam Distribution Agreement.

For example, Microsoft's statute of limitations argument rests entirely on facts alleged in the Complaint itself. Plaintiffs allege that the Steam Distribution Agreement was signed in 2011, more than a decade before Plaintiffs filed suit, making their claims time-barred. *See* Mem. Supp.



**Ashurst Perkins Coie US LLP**
1301 Second Avenue Suite 4200
Seattle, WA 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Def.'s Mot. Dismiss Pls.' Compl., ECF No. 19 at 13-19 (W.D. Wash. Aug. 10, 2026); Compl., ECF No. 1 ¶62 (W.D. Wash. May 31, 2026). And whether Plaintiffs have adequately pleaded the applicability of a tolling doctrine can be assessed from the face of the complaint. *Orkin v. Taylor*, 487 F.3d 734, 742 (9th Cir. 2007); *see also* Mem. Supp. Def.'s Mot. Dismiss Pls.' Compl., ECF No. 19 at 13-19 (W.D. Wash. Aug. 10, 2026). The Court can similarly dismiss based on Microsoft's *Illinois Brick* argument or Plaintiffs' failure to plead anticompetitive conduct without additional discovery.

Indeed, the purpose of a Rule 12(b)(6) motion is "to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). Microsoft seeks to do just that by moving to dismiss as a matter of law, without asking the Court to decide any factual issues.

**C. A Stay of Discovery Will Not Harm Plaintiffs.**

Plaintiffs cannot credibly claim that resolving this case is urgent or that they would suffer prejudice from a stay. They challenge conduct from an agreement signed in 2011—fifteen years before this suit was filed—and their counsel has been involved in litigation against Valve involving similar Steam distribution agreements for several years. *See* Complaint, *Elliot v. Valve Corporation*, No. 2:24-cv-01218 (W.D. Wash. Aug. 9, 2024). Any delay caused by a stay pending resolution of a motion to dismiss is minimal when measured against both the age of the conduct at issue and Plaintiffs' own delay in bringing suit. *See Zeiger v. Hotel California by the Sea LLC*, No. C21-1702-TL-SKV, 2022 WL 1499670, at *3 (W.D. Wash. May 12, 2022) (granting stay of discovery, in part, because plaintiff will not be prejudiced where the case has been pending for less than six months). Further, in the event that Microsoft's Motion to Dismiss is denied, a brief delay will not prejudice Plaintiffs, who only decided to sue recently. *See Nguyen v. BMW of North America, LLC*, No. 20CV432-JLS, 2021 WL 2284113, at *4 (S.D. Cal. June 4, 2021) (granting a



**Ashurst Perkins Coie US LLP**
1301 Second Avenue Suite 4200
Seattle, WA 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

stay of discovery, in part, on the grounds that "a brief delay will not greatly prejudice Plaintiff" who only filed the case six months ago).

**D. Proceeding With Discovery Now Would Impose Unnecessary Burden And Expense.**

The need to avoid unnecessary burden and expense also weighs in favor of a stay. The discovery Plaintiffs have served is broad, seeking, among other things, documents relating to ***any*** interaction Microsoft has ever had with any antitrust regulator in the world, as well as extensive data on Microsoft Store purchases and consumer arbitrations. *See* Ex. A ¶¶ 1-2; Ex. B ¶¶ 1-3. Without a stay, Plaintiffs may soon serve even more discovery requests. It would be burdensome for Microsoft to respond and object to such wide-ranging requests, especially when Plaintiffs' claims are unlikely to proceed past the pleading stage.

This is precisely the type of unnecessary burden and expense that Rule 26(c) is designed to avoid and that the Supreme Court has advised courts to guard against in antitrust cases. *See Twombly,* 550 U.S. at 559 (noting that discovery accounts for a majority of litigation costs and that the threat of such cost will push defendants to settle even where plaintiffs have no plausible entitlement to relief); *Rutman Wine Co.*, 829 F.2d at 738 (explaining that the purpose of a 12(b)(6) motion is to "enable defendants to challenge the legal sufficiency of complaints" without incurring discovery costs, which are "prohibitive[ly]" high in antitrust actions). This district court has recognized the "substantial costs inherent in conducting class discovery" as good cause for a stay. *Borden v. eFinancial, LLC*, No. C19-1430JLR, 2020 WL 7324815, at *3 (W. D. Wash. Oct. 16, 2020); *accord Harris v. State of Washington Dept. of Social and Health Services*, 2013 WL 3936803, at *2 (W.D. Wash. July 13, 2013) (granting a motion to stay discovery of sensitive information because "confidentiality can never be re-acquired after release."). The same reasoning applies with full force to the discovery Plaintiffs are trying to pursue here.



**Ashurst Perkins Coie US LLP**
1301 Second Avenue Suite 4200
Seattle, WA 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**E. A Stay Would Favor the Interests of Justice by Simplifying Key Issues.**

Finally, staying discovery would preserve judicial resources and serve the interests of justice. Resolving Microsoft's Motion to Dismiss first will clarify—and may eliminate entirely—the scope of any discovery that ultimately proceeds. If the Court grants the motion in full, no discovery will have been wasted on claims that could not survive the pleading stage. If any claim survives, the Court and the parties will be better positioned to design a proportionate and efficient discovery plan tailored to any remaining theories. *See Davis*, 2010 WL 4568047, at *1 ("[T]he parties should not face the burden and expense of responding to discovery as to claims that may not survive the pleading stage").

Waiting until the Court decides Microsoft's Motion to Dismiss would also "prevent the Court from expending judicial resources resolving potential discovery disputes which may not be relevant[.]" *Zeiger*, 2022 WL 1499670, at *3; *see Towner*, 2026 WL 496744, at *1 (staying discovery to avoid cost of litigating a motion to compel and "potentially other[]" disputes "before the Court has even determined whether [plaintiff's] claims survive dismissal"). As noted above, Plaintiffs have requested broad and irrelevant discovery into various topics, including Microsoft's document and data productions to foreign antitrust regulators on any topic at any time and information related to Mr. Newell's private jets and yachts. *See* Ex. A ¶¶ 1-2; Ex. B ¶¶ 1-3. If Plaintiffs continue to pursue this overly broad discovery (or serve additional requests seeking similarly improper discovery) over Microsoft's objections, it would be costly for the parties to brief these issues for the Court. And it would be wasteful for the Court to spend its limited resources resolving them, especially when Plaintiffs' claims may ultimately be dismissed. Staying discovery avoids this unnecessary work.

**CONCLUSION**

For the foregoing reasons, Microsoft respectfully requests that the Court stay discovery in this action until Microsoft's Motion to Dismiss is resolved.



**Ashurst Perkins Coie US LLP**
1301 Second Avenue Suite 4200
Seattle, WA 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

DATED: October 2, 2026

I certify that this memorandum contains 2,705 words, in compliance with the Local Civil Rules.

Respectfully submitted,

By: */s/ Shylah R. Alfonso*

Shylah R. Alfonso (Wash. Bar No. 33138)
Cara V. Wallace (Wash. Bar No. 50111)
Shylah.alfonso@ashurstperkins.com
CWallace@ashurstperkins.com
ASHURST PERKINS COIE US LLP
1301 Second Avenue, Suite 4200
Seattle, WA 98101-3804
Telephone: (206) 359-3097
Facsimile: (206) 359-9000

John (Jay) Jurata, Jr. (*pro hac vice*)
Jay.jurata@dechert.com
DECHERT LLP
1900 K Street, N.W.
Washington, DC 20006
Telephone: (202) 261-3300
Facsimile: (202) 261-3333

Julia Chapman (*pro hac vice*)
Julia.chapman@dechert.com
Forrest E. Lovett (*pro hac vice*)
Forrest.lovett@dechert.com
David M. Costigan (*pro hac vice*)
David.costigan@dechert.com
Sophie Davish (*pro hac vice*)
Sophie.davish@dechert.com
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
Telephone: (215) 994-4000
Facsimile: (215) 994-2222

*Attorneys for Defendant Microsoft Corporation*

**CERTIFICATE OF COMPLIANCE WITH CHAMBER PROCEDURE RULE 3.1**

*I certify that the parties met and conferred on September 29, 2026, via telephone regarding this Motion, consistent with Rule 3.1 of the Court's Chambers Procedures – Civil.*

*By: /s/ Shylah R. Alfonso*



**Ashurst Perkins Coie US LLP**
1301 Second Avenue Suite 4200
Seattle, WA 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000